UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2014 AUG 11 PM 2:30

KELLY GRAHAM,

    Plaintiff,

CASE NO.: 3:14-cv-950-J-32 PDB

-VS-

DIVISION:

NAVIENT SOLUTIONS, INC.,
f/k/a SALLIE MAE, INC.

    Defendant.
_____/

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

3. The alleged violations described in the Complaint occurred in Flagler County, Florida.

## FACTUAL ALLEGATIONS

4. Plaintiff is a natural person, and citizen of the State of Florida, residing in Flagler County, Florida

5. Plaintiff is a "consumer" as defined in Florida Statute 559.55(2).

6. Plaintiff is an "alleged debtor."

7. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

8. Defendant is a corporate entity responsible for attempting to collect a consumer debt from Plaintiff and is transacting business in the State of Florida.

9. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1).

10. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (386) 503-4622, and was the called party and recipient of Defendant's hereafter described calls.

11. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

12. Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

13. Upon information and belief, each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

14. Each call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express permission" of the Plaintiff.

15. In or about 2009, Plaintiff procured a loan with Defendant.

16. Plaintiff made monthly payments to the Defendant up to about November of 2013, when Defendant contacted Plaintiff and demanded increased payment amounts.

17. In or about November of 2013, Defendant initiated its campaign of phone calls to the Plaintiff on her aforementioned cellular telephone number. Upon receipt of the calls,

Plaintiff's caller ID identified that the calls were being initiated from, but not limited to, the following phone numbers: (855) 249-2121, (855) 266-2384 and (765) 283-3000.

18. In or about December of 2013, Plaintiff called Defendant and spoke with Defendant's agent/representative Duan Jones, stating that her payments were not behind, that she did not understand the Defendant's reason for the increased payment demands, and that she did not want to receive any additional calls from Defendant.

19. During the December of 2013 phone conversation with Defendant's agent/representative Duan Jones, Plaintiff revoked any express consent to Defendant's placement of telephone calls to Plaintiff's aforementioned cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

20. Despite Plaintiff's demands that Defendant cease calling her, Defendant made approximately sixty (60) phone calls to Plaintiff's aforementioned cellular telephone number from December of 2014 of through the filing of this Complaint (or such time as will be established after a thorough review of Defendants' records).

21. From January of 2014 through the filing of this Complaint, or as Plaintiff received frequent automated phone calls from Defendant to her aforementioned cellular telephone number, each time leaving the following, identical voicemail:

> Hello, this is Sallie Mae calling as a courtesy for "Sandra Brown." We are calling to remind you that your most recent payment is due. You can easily update your account information or make a payment by logging into your account at www.salliemae.com and selecting the manage your loans link. Please take a minute to review your account. Visit on the web at www.salliemae.com. Thank you for choosing Sallie Mae. To hear this message again, please press 2. If not, simply hang up. To hear this message again, please press 2.

22. Plaintiff's conversation with the Defendant demanding an end to the harassment was ignored.

23. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiff despite not having his express permission to call her aforementioned cellular telephone number.

24. Upon information and belief, the telephone calls made by Defendant were placed using automated telephone dialing equipment, without human intervention.

25. Defendant corporate policy and procedures is structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have had.

26. Defendant's corporate policy and procedures provided no means for the Plaintiff to have her aforementioned cellular number removed from the call list.

27. Defendant has a corporate policy of using an automatic telephone dialing system or a prerecorded or artificial voice message to collect debts and solicit continued business from individuals such as Plaintiff for its financial benefit.

28. Defendant has many similar complaints from consumers across the country, as those alleged in this lawsuit, by Plaintiff.

29. Plaintiff expressly revoked consent to Defendant's placement of telephone calls to Plaintiff's aforementioned cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice immediately upon Defendant's placement of the calls.

30. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

31. Defendant violated the TCPA with respect to the Plaintiff.

32. Defendant willfully or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

33. Plaintiff incorporates Paragraphs one (1) through thirty-two (32).

34. Defendant caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

35. Defendant willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

36. Plaintiff incorporates Paragraphs one (1) through thirty-two (32).

37. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

38. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to harass the debtor.

39. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse the debtor.

40.     Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

41.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*s/Amanda Allen*
Amanda J. Allen, Esquire
Florida Bar #: 0098228
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
AAllen@ForThePeople.com
JEstrada@ForThePeople.com
Attorney for Plaintiff